# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 3, 2020

Lyle W. Cayce
Clerk

No. 20-60473

United States of America,

*Plaintiff—Appellee*,

*versus*

Zaira Franco,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CR-33-1

Before Barksdale, Elrod, and Ho, *Circuit Judges*.

Jennifer Walker Elrod, *Circuit Judge*:

Zaira Franco appeals the denial of her motion for reduction of sentence (commonly known as a motion for compassionate release), filed pursuant to the First Step Act. The question on appeal is whether Franco is excused from that statute's textual requirement that she file a request with the Bureau of Prisons before filing her motion in federal court. We conclude that she is not so excused, and we affirm the district court's denial of her motion.

No. 20-60473

I.

In January 2018, Zaira Franco was sentenced to serve 37 months in prison, followed by three years of supervised release. Franco resides at the Residential Reentry Management Facility (colloquially known as a halfway house) in San Antonio, Texas, and has a scheduled release date of October 22, 2020.

In April 2020, pursuant to 18 U.S.C. § 3582(c)(1)(A), she filed a COVID-19 related motion for reduction of sentence in the district court. In her motion, Franco conceded that she had failed to comply with the statute's procedural commands, but requested that due to the COVID-19 pandemic, the requirements "as set out in 18 U.S.C. § 3582(c)(1)(A) . . . be excused due to exigent circumstances." The district court denied the motion without prejudice and noted that "Franco may re-file her motion once she achieves one of the two avenues for exhaustion under § 3582(c)(1)(A)."

II.

As a general rule, federal courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Prior to the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), federal courts lacked the power to adjudicate motions for compassionate release. Now, however, a "court . . . may reduce the term of imprisonment" upon request by an inmate. 18 U.S.C. § 3582(c)(1)(A). In the words of the statute, courts may hear requests

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

*Id.*

No. 20-60473

The text therefore outlines two routes a defendant's motion can follow to be properly before the court. Both routes begin with the defendant requesting that "the Bureau of Prisons" "bring a motion on the defendant's behalf." *Id.*

Franco concedes that she did not request that "the Bureau of Prisons" "bring a motion on [her] behalf." *See id.* Thus, we must determine whether that requirement is jurisdictional (in which case we lack power to hear this case) and if not, whether the requirement is mandatory (in which case Franco cannot prevail on the merits of her motion). We conclude that the requirement is *not* jurisdictional, but that it *is* mandatory. We review both of these questions of statutory interpretation *de novo*. *See United States v. Lauderdale County*, 914 F.3d 960, 964 (5th Cir. 2019).

III.

The Supreme Court distinguishes "between jurisdictional prescriptions and nonjurisdictional claim-processing rules." *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019). The former limit the circumstances in which Article III courts may exercise judicial power; the latter "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011). Provisions are only considered jurisdictional when "the Legislature clearly states that [the] prescription counts as jurisdictional." *Fort Bend Cnty.*, 139 S. Ct. at 1850.

Nothing in the text of this provision indicates that the procedural requirements are jurisdictional. Instead, the provision instructs a defendant to either "fully exhaust[] all administrative rights to appeal" the BOP's failure to bring a motion or wait for thirty days after the warden's receipt of the request before filing a motion in federal court. 18 U.S.C. § 3582(c)(1)(A). We agree with the recent, cogent analysis of this question by the Sixth Circuit: the "language neither 'speak[s] in jurisdictional terms' nor 'refer[s] in any way to the jurisdiction' of the courts." *United States v. Alam*, 960 F.3d

3

831, 833 (6th Cir. 2020) (Sutton, J.) (alterations in original) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)).  The statute's requirement that a defendant file a request with the BOP before filing a motion in federal court is a nonjurisdictional claim-processing rule.

IV.

Next, we must determine whether that statutory requirement is mandatory.  We join the other three circuits that have faced the question and conclude that it is.  *See Alam*, 960 F.3d at 832; *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Springer*, No. 20-5000, 2020 WL 3989451, at *3 (10th Cir. July 15, 2020).

The First Step Act, in clear language, specifies what a defendant must do before she files a motion for compassionate release in federal court. Specifically a defendant must submit a request to "the Bureau of Prisons to bring a motion on the defendant's behalf."  18 U.S.C. § 3582(c)(1)(A).

The statute's language is mandatory.  Congress has commanded that a "court *may not* modify a term of imprisonment" if a defendant has not filed a request with the BOP.  *See id.* § 3582(c) (emphasis added).  This rule "seek[s] to promote the orderly process of litigation by requiring that the parties take certain procedural steps at certain specified times."  *Henderson*, 562 U.S. at 435.  It is a paradigmatic mandatory claim-processing rule.  And because the government properly raised the rule in the district court, this "court *must* enforce the rule."  *Pierre-Paul v. Barr*, 930 F.3d 684, 692 (5th Cir. 2019) (emphasis added), *cert. denied*, 206 L. Ed. 2d 854 (Apr. 27, 2020).

Franco's arguments to the contrary are unavailing.  First, she argues that the requirement cannot be mandatory because the statute permits two different routes a defendant may take before filing a motion in court.   But both of those routes (filing a motion after the BOP's denial or filing a motion 30 days after receipt by the warden) require the defendant to first file a request with the BOP.  And Franco concedes she never filed such a request.

Nor are we inclined to deviate from this clear text in pursuit of the statute's broader "purpose" or "intent." We need not dive "inside Congress's mind" to determine the statutory intent here. *Cf.* John F. Manning, *Inside Congress's Mind*, 115 Colum. L. Rev. 1911, 1919 (2015) (noting that textualists, legal realists, modern pragmatists, and legal process scholars share doubts about "an actual subjective congressional decision about the litigated issue"). Congress used clear language: all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts. When the text is clear, that is "the end of the construction." *Hightower v. Tex. Hosp. Ass'n*, 65 F.3d 443, 450 (5th Cir. 1995). We need go no further.

Finally, Franco maintains that the statutory requirement does not apply to her because she resides in a halfway house. The statute refers to "receipt of such a request *by the warden of the defendant's facility*." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Franco notes that she "is housed at a Residential Reentry Management Facility, which has no warden." But this apparent problem has a simple solution. Bureau of Prisons regulations define the "warden" to include "the chief executive officer of . . . any federal penal or correctional institution or facility." 28 C.F.R. § 500.1(a); *cf. United States v. Campagna*, 16 CR. 78-01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020) (holding that "the denial of Defendant's request by the Residential Re-entry Manager suffices to exhaust his administrative rights"). Franco is free to file her request with the chief executive officer of her facility.

\* \* \*

This opinion will, at the least, provide clarity about this important relief. Definite legal rules are knowable *ex ante*, evenhanded in application, and favor certainty and predictability. *Cf.* Lon Fuller, *Morality of Law* 39 (1969) (identifying, *inter alia*, generality, public accessibility, clarity, and constancy as requirements of a legal system). In this case, the district judge denied Franco's motion without prejudice, and allowed her to "re-file her

motion once she achieve[d] one of the two avenues for exhaustion under § 3582(c)(1)(A)." Instead, Franco appealed, hoping for a favorable ruling. Going forward, no other defendants need face this uncertainty. Those who seek a motion for compassionate relief under the First Step Act must first file a request with the BOP. The judgment of the district court is AFFIRMED and Zaira Franco remains free to file, in the first instance, a request with the Bureau of Prisons.