# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 28, 2020

Lyle W. Cayce
Clerk

No. 20-40511

United States of America,

*Plaintiff—Appellee*,

*versus*

Bruce Allen Rutherford, *also known as* Allen Bruce Rutherford,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-41-1

Before Willett, Ho, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Bruce Allen Rutherford moves for leave to appeal in forma pauperis (IFP) after the district court denied his request for compassionate release under 18 U.S.C. § 3582(c)(1). The district court determined that Rutherford did not exhaust his administrative remedies with the Bureau of Prisons (BOP)

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

as required by § 3582(c)(1)(A). The exhaustion requirement is not jurisdictional but mandatory. *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020), *petition for cert. filed* (Oct. 7, 2020) (No. 20-5997).

Rutherford asserts that the BOP denied his request for home confinement. The record indicates he requested information under the home confinement program that the BOP recently initiated under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), which expanded the Attorney General's authority to provide longer periods of home confinement. *See* Pub. L. 116-136, § 12003(b)(2), 134 Stat. 281. But Rutherford has not shown that he exhausted his administrative remedies for compassionate release under § 3582(c)(1)(A).

To the extent Rutherford appeals the district court's denial of compassionate release, the appeal is dismissed because he raises no nonfrivolous issue for appeal concerning his failure to exhaust administrative remedies. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. Rutherford "remains free to file, in the first instance, a request with the Bureau of Prisons." *Franco*, 973 F.3d at 469. To the extent Rutherford's pleading seeking appellate review of the district court's ruling may be construed as a motion for this court to grant compassionate release, that motion is denied.

In order to appeal IFP, Rutherford must make "the proper economic showing and" raise "issues on appeal that [are] not frivolous." *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Rutherford does not address the district court's conclusion that he is financially ineligible, and he identifies no nonfrivolous issue for appeal. His IFP motion is denied. Rutherford is warned that additional frivolous or repetitive filings in this court or the district court will result in monetary sanctions and limits on his access to this court and any court subject to this court's jurisdiction.

No. 20-40511

IFP DENIED; motion for compassionate release DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.