# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 2, 2020

Lyle W. Cayce
Clerk

No. 20-10414
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CALEB SMITH,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-345
USDC No. 4:15-CR-214-2

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Caleb Smith, federal prisoner # 50072-177, appeals the denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and his motion for reconsideration. He argues the evidence was sufficient to

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

show he has severe asthma and a history of pneumonia, resulting in an increased risk of suffering serious complications and death due to a COVID-19 infection.

On the motion of either the Director of the Bureau of Prisons or a prisoner, § 3582(c)(1)(A) permits a sentencing court to reduce the prisoner's term of imprisonment after considering the applicable 18 U.S.C. § 3553(a) factors if, *inter alia*, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13, p.s.  We review for abuse of discretion a district court's decision to deny compassionate release despite a prisoner's eligibility. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

The court considered the § 3553(a) factors and sufficiently articulated reasons for denying Smith's motion.[1]  It determined that Smith did not qualify for release because he had a very serious criminal history, and he was serving a 235-month sentence that commenced in 2016.  The court also stated that it was not inclined to interfere with the decision of the Attorney General regarding the appropriate placement of inmates.  Smith has failed to show that the district court's decision was based on an error of law or a clearly erroneous assessment of the evidence.  *See Chambliss*, 948 F.3d at 693-94.  Accordingly, we AFFIRM the decision of the district court.

---

[1] The district court ruled on Smith's motion without requesting a response from the Government.  Because the case is easily resolved on the merits, we need not determine whether the case should be dismissed on the exhaustion ground based on the Government's alternative argument on appeal.  The exhaustion requirement of § 3582 is mandatory but not jurisdictional. *See United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir. 2020), *petition for cert. filed* (U.S. Oct. 7, 2020) (No. 20-5997).