**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 10, 2020[*]
Decided November 12, 2020

**Before**

DIANE S. SYKES, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-1947

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 15-CR-217 |
| JAWANZA A. WILLIAMS, | |
| *Defendant-Appellant.* | Pamela Pepper, |
| | *Chief Judge.* |

**O R D E R**

Jawanza Williams, a federal inmate housed in a New Jersey prison,[1] sought his release to home confinement under 18 U.S.C. § 3624(c)(2) in light of the COVID-19

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

[1] The circumstances behind Williams's placement at FCI-Fairton in New Jersey are not reflected in the record.

pandemic. The district court denied the order, explaining that only the Federal Bureau of Prisons could authorize this request. And to the extent that he sought compassionate release under 18 U.S.C. § 3582(c)(1)(A), added the court, he did not exhaust his administrative remedies. We affirm.

In April 2020, Williams moved the district court under § 3624(c)(2) to order the Bureau of Prisons to release him to home confinement based on the COVID-19 pandemic that had "taken over the Tri-State area," including New Jersey. He pointed to the non-violent nature of his conviction, his participation in prison programming, his familial support, and his completion of more than two-thirds of his sentence. The government opposed the motion, arguing first that an inmate's transfer to home confinement could be ordered only by the Bureau, and second that he had not exhausted his administrative remedies if he wished to seek compassionate release under § 3582(c)(1)(a).

The district court agreed with the government and denied Williams's motion. The court explained that the Bureau had sole authority under § 3624(c)(2) to place him in home confinement. And to the extent Williams sought compassionate release, the court could not reach the merits of that request because he had not satisfied § 3582(c)(1)(a)'s exhaustion requirement by showing that he had filed the proper request with the warden.

On appeal, Williams generally contends that the district court erred when it found that it could not order the Bureau to release him to home confinement under § 3624(c)(2). He seems to believe that the newly enacted Coronavirus Aid, Relief, and Economic Security (CARES) Act modified § 3624(c)(2) to authorize courts to grant inmates' home-confinement requests. *See* CARES Act § 12003(b)(2), Pub. L. No. 116–136, 134 Stat. 281 (2020).

Williams misapprehends the nature of the CARES Act. The act expanded the Bureau's power to "place a prisoner in home confinement" under § 3624(c)(2), *see* CARES Act, § 12003(b)(2), but reserved the determination of "suitable candidates" for home confinement to the Bureau. *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (quoting *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19*, Off. Att'y Gen. (Apr. 3, 2020)). The act carved out no role for the courts in making such determinations. Nor for that matter is any such role envisioned under § 3624(c)(2), which authorizes the Bureau "to the extent practicable, [to] place prisoners with lower risk levels and lower needs on home confinement . . . . " As the Supreme Court

emphasizes, the Bureau has "plenary control" over an inmate's placement. *Tapia v. United States*, 564 U.S. 319, 331 (2011); *see United States v. Ko*, 739 F.3d 558, 561 (10th Cir. 2014) (explaining that an inmate remains under the Bureau's custody during home confinement).

As for compassionate release under § 3582(c)(1)(A), Williams disputes the district court's conclusion that he did not exhaust his administrative remedies. He asserts that he filed the "proper Administrative Remedy Procedure" with his warden. In any event, he adds, the district court should have waived the exhaustion requirement based on the unprecedented nature of COVID-19, which presents an "extraordinary and compelling" reason for his release.

The district court correctly denied compassionate release for Williams based on his failure to present proof that he had satisfied § 3582(c)(1)(A)'s exhaustion requirement. The First Step Act amended § 3582(c)(1)(A) to permit an inmate to move for compassionate release as long as he exhausted his administrative appeals or the facility's warden did not respond to his compassionate-release request within 30 days. *See, e.g.*, *United States v. Ruffin*, No. 20-5748, 2020 WL 6268582, at *3 (6th Cir. Oct. 26, 2020); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020), *petition for cert. filed*, (U.S. Oct. 7, 2020) (No. 20-5997); *United States v. Rodd*, 966 F.3d 740, 743 (8th Cir. 2020). Williams provided proof of neither. This exhaustion requirement is a mandatory claim-processing rule. *See Franco*, 973 F.3d at 468; *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). Waiver cannot apply here because the government timely objected to Williams's failure to exhaust at every opportunity. *See Hamer v. Neighborhood Hous. Serv. of Chicago*, 138 S. Ct. 13, 18 (2017).

We have considered Williams's other arguments, and none has merit.

AFFIRMED