# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2020

Lyle W. Cayce
Clerk

No. 20-60665

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Todd Ward, *also known as* Chicken,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:17-CR-68-5

Before Haynes, Higginson, and Oldham, *Circuit Judges*.
Per Curiam:*

Michael Todd Ward sought compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A)(i) due to his fear of contracting COVID-19. For the reasons set forth below, we AFFIRM the district court's denial of his request.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60665

Ward is currently serving a 151-month prison sentence for conspiring to distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 846. On April 24, 2020, he submitted a request for compassionate release to the warden of the institution at which he is incarcerated, asserting that he is more vulnerable to COVID-19 due to his underlying medical conditions. The Bureau of Prisons denied his request two days later. On May 7, 2020, Ward filed an informal complaint resolution form, challenging the denial of his initial request for compassionate release. This complaint was denied on June 2, 2020.

Prior to the denial of his informal complaint, on May 21, 2020, Ward moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) in district court. The Government opposed Ward's motion, asserting that Ward had not met § 3582(c)(1)(A)'s exhaustion requirement. The district court agreed with the Government and consequently dismissed Ward's motion without prejudice.

Under § 3582(c)(1)(A)(i), a district court may "modify a term of imprisonment" if "extraordinary and compelling reasons warrant such a reduction." Yet a defendant may only request such relief "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This exhaustion "requirement is *not* jurisdictional, but . . . *is* mandatory." *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020), *cert. denied*, No. 20-5997, 2020 WL 7132458 (U.S. Dec. 7, 2020). Hence, when there is a lack of waiver by the Government, a defendant seeking compassionate release must first submit a request for release to his warden and wait until he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

No. 20-60665

such a request by the warden of the defendant's facility," before he can file in federal court. 18 U.S.C. § 3582(c)(1)(A).

There is no dispute that Ward had not fully exhausted his administrative remedies prior to filing his motion for compassionate relief. Thus, the dispute here centers on the meaning of the "lapse of 30 days" language. The district court ruled that the "lapse of 30 days" exhaustion method "applies only when the [Bureau of Prisons] has failed to respond to a compassionate release request within 30 days of its submission." *United States v. Ward*, No. 1:17cr68-LG-JCG-5, 2020 WL 4032245, at *1 (S.D. Miss. July 16, 2020). Because Ward's initial request was denied within thirty days of its submission, the district court held that this exhaustion method was inapplicable, and that Ward needed to fully exhaust his administrative remedies prior to filing a motion in federal court. *Id.* at *2.

On appeal, Ward disputes the district court's interpretation of § 3582(c)(1)(A), arguing that a defendant is free to file in federal court thirty days after the submission of a request to the warden, regardless of whether the Bureau of Prisons responds within the thirty-day period.[1] However, even under Ward's preferred interpretation of the statute, Ward's claim failed, as he filed his motion in district court on May 21—less than thirty days after he submitted his initial request to the warden on April 24. *See United States v.*

---

[1] Notably, the Third Circuit appears to have adopted this construction of the statute, albeit with limited explanation. *See United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020) (per curiam) (reversing a district court that held that the defendant was required to fully exhaust his administrative remedies because the Bureau of Prisons responded to his request for compassionate release within the thirty day period and emphasizing that "the statute states that the defendant may file the motion thirty days after the warden receives his request"). *But see United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) (explaining that § 3582(c)(1)(A) permits courts "to grant compassionate release on a prisoner's own request, provided that the prisoner first allowed the Bureau [of Prisons] to review the request and make a recommendation (or it let 30 days pass *in silence*)" (emphasis added)).

*Alam*, 960 F.3d 831, 832, 836 (6th Cir. 2020) (affirming the dismissal of a motion for compassionate release that was filed less than thirty days after the defendant requested relief from his warden). Consequently, we need not address which interpretation is correct; we AFFIRM.