# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2021

Lyle W. Cayce
Clerk

No. 20-60701
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DUSTIN POWELL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:16-CR-75-2

Before STEWART, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Dustin Powell, federal prisoner # 19791-043, appeals the district court's denial of his motion for compassionate release under the First Step Act. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The district court denied Powell's motion on the ground that he failed to exhaust his administrative remedies

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60701

prior to filing his motion as is required by § 3582(c)(1)(A). *See United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020), *cert. denied*, No. 20-5997, 2020 WL 7132458 (U.S. Dec. 7, 2020).

Although we review a district court's denial of a motion for compassionate release under § 3582(c)(1)(A)(i) for abuse of discretion, *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020), the parties contend that our review in this case is de novo because the issue presented is purely legal or a matter of statutory interpretation. We need not determine the standard of review as Powell cannot prevail even under the more lenient de novo standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

A district court may grant a prisoner compassionate release pursuant to § 3582(c)(1)(A)(i). *See Franco*, 973 F.3d at 467. A § 3582(c)(1)(A) compassionate release motion may be filed by a defendant after "[he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The pre-filing administrative exhaustion requirement is not jurisdictional, but it is a mandatory claim-processing rule. *See Franco*, 973 F.3d at 467-68.

Powell first submitted his request for compassionate release to the warden of his correctional facility on April 15, 2020. His motion for compassionate release was received and docketed in the district court on May 11, 2020, or 26 days after he submitted his request to the warden. Because he failed to allow the statutory 30-day period to lapse before filing his motion and he otherwise fails to show that he fully exhausted all administrative rights to appeal, we discern no error in the district court's denial of his motion for failure to exhaust. *See Franco*, 973 F.3d at 467-68. His argument that he

No. 20-60701

complied with § 3582(c)(1)(A), because 30 days elapsed from the dates that he submitted his requests for compassionate release to the warden and the date that the district court ruled on his motion is unavailing. *See id.* at 468 ("The First Step Act, in clear language, specifies what a defendant must do *before* [he] files a motion for compassionate release in federal court." (emphasis added)). Likewise, Powell's argument that he should be excused from complying with § 3582(c)(1)(A)'s exhaustion requirement based on equitable reasons is also unavailing. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016); *Franco*, 973 F.3d at 468.

AFFIRMED.