# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2021

Lyle W. Cayce
Clerk

No. 20-50621
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CONNEE RINESTINE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-974-9

Before DENNIS, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Connee Rinestine, federal prisoner # 47769-280, seeks to proceed in forma pauperis (IFP) on appeal from the denial of her motion for a compassionate release reduction in sentence under 18 U.S.C.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50621

§ 3582(c)(1)(A) due to the COVID-19 pandemic.     She also seeks appointment of counsel.

We construe Rinestine's IFP motion as a challenge to the district court's certification that her appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into the good faith of the appeal "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

On the motion of either the Director of the Bureau of Prisons or a prisoner, § 3582(c)(1)(A) permits a district court to reduce the prisoner's term of imprisonment after considering the applicable 18 U.S.C. § 3553(a) factors if, among other things, the court finds that "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i). Before the prisoner can bring this motion, she must have fully exhausted her administrative remedies or waited 30 days from the receipt of her administrative request by the warden of her facility, whichever is earlier. § 3582(c)(1)(A). We review for abuse of discretion a district court's decision to deny compassionate release despite a prisoner's eligibility. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

The district court dismissed Rinestine's § 3582(c)(1)(A) motion without prejudice because she failed to show that she had met the exhaustion requirement. On appeal, Rinestine has similarly failed to show that she satisfied the exhaustion requirement. The exhaustion requirement is mandatory but not jurisdictional. *United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir. 2020), *cert. denied*, 2020 WL 7132458 (U.S. Dec. 7, 2020) (No. 20-5997). If the government properly raised this rule in district court, we

No. 20-50621

would be required to enforce it, but the government had no opportunity to raise exhaustion in this case. *See id.* at 468.

Although we apply a less stringent standard to parties proceeding pro se than to parties represented by counsel and liberally construe the briefs of pro se litigants, parties proceeding pro se must still brief the issues and reasonably comply with the requirements set forth in Rule 28 of the Federal Rules of Appellate Procedure. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Because Rinestine has not specifically challenged the district court's conclusion that she failed to show that she exhausted her administrative remedies, she has abandoned the sole issue before this court. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Rinestine's appeal does not involve "legal points arguable on their merits." *Howard*, 707 F.2d at 220; *see Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Accordingly, we DENY the motion to proceed IFP, DENY the motion for appointment of counsel, and DISMISS the appeal as frivolous.