FILED
United States Court of Appeals
Tenth Circuit

February 8, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MENDY READ-FORBES,

    Defendant - Appellant.

No. 20-3104
(D.C. No. 2:12-CR-20099-KHV-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Pro se defendant Mendy Read-Forbes, a prisoner at Federal Medical Center

(FMC) Carswell in Fort Worth, Texas, appeals an order from the United States District

Court for the District of Kansas dismissing her request for "immediate Release to Home

Confinement with her father" because of COVID-19 conditions at the prison. R., Vol. 1

at 38. She is currently serving a term of 240 months after pleading guilty in 2015 to

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).  Exercising

jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal as moot.

Ms. Read-Forbes's pleadings in district court and this court invoke the

compassionate-release provision of the First Step Act, 18 U.S.C. § 3582(c)(1)(A), and the

provision of the Coronavirus Aid, Relief, and Economic Security (CARES) Act that

expands the authority of the Bureau of Prisons (BOP) to authorize home confinement

during the pandemic.  *See* Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020).  We

begin by describing the relevant provisions of these statutes.

The First Step Act has traditionally authorized courts to reduce a sentence upon

recommendation by the BOP for elderly prisoners who have served at least 30 years and

where "extraordinary and compelling reasons warrant" early release.  18 U.S.C.

§ 3582(c)(1)(A).  A 2018 amendment expanded a prisoner's opportunity for relief by

permitting district courts to grant relief for the same reasons but without a BOP

recommendation if the prisoner has exhausted all administrative rights with the BOP or

the BOP has not acted within 30 days of the prisoner's request to the prisoner's warden.

Relief is still limited, however, to reducing the prisoner's sentence.

Granting a prisoner home confinement is not considered a reduction in the

sentence.  Rather, it is a change in the location and conditions of confinement.  *See*

*United States v. Ko*, 739 F.3d 558, 561 (10th Cir. 2014) ("[A] person is in the BOP's

'custody' while serving the remainder of a sentence in home confinement.  While at

home, the confinee is serving a 'term of imprisonment.'").  For some time the BOP has

enjoyed statutory authority to permit a prisoner to serve part of her sentence under home

confinement, and the recent CARES Act expanded this authority during the emergency caused by the COVID-19 pandemic. *See* Pub. L. No. 116-136, § 12003(b)(2). But courts have no statutory role regarding conditions of confinement, including home confinement. *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over the place of the prisoner's imprisonment and the treatment programs (if any) in which he may participate." (citation and internal quotation marks omitted)); *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (the CARES Act "expands the power" of the BOP (not the courts)). The courts' authority in this regard is confined to ensuring that the conditions of confinement satisfy constitutional norms. *See Wilkinson v. Austin*, 545 U.S. 209, 223–24 (2005) (courts can remedy unconstitutional conditions of confinement).

Ms. Read-Forbes filed several pleadings with the district court seeking relief under the First Step Act and the CARES Act. She alleged that the poor state of her health, including pernicious anemia and pulmonary hypertension, could result in "undue harm or death" if she contracted COVID-19, and she argued that there were extraordinary and compelling reasons requiring her removal from the prison. R., Vol. 1 at 38. Her focus, however, was on obtaining home confinement with her father. And, as previously stated, § 3582(c)(1)(A), even as modified by the CARES Act, does not permit courts to specify where a prisoner shall serve her term. *See United States v. Williams*, 829 F. App'x 138, 139 (7th Cir. 2020) (unpublished) (the CARES Act provides no role for courts with respect to home confinement); *United States v. Mattice*, No. 20-3668, 2020 WL 7587155, *2 (6th Cir. Oct. 7, 2020) (same). All a court can do is reduce the prisoner's sentence.

Thus, the district court apparently construed Ms. Read-Forbes's pleadings as seeking a reduction in her sentence so that she could go home. But it declined to grant relief. It noted that she had not alleged that her current medical condition in itself would satisfy the statutory requirements for relief. Rather, her request was based on the possibility of contracting COVID-19. The court said that her conditions "apparently place her at a higher risk than the general population" for contracting the disease and for suffering severe illness or death if she did. R., Vol. 1 at 190. And the court acknowledged that "COVID-19 certainly presents a challenge in the prison setting, where inmates generally live in close quarters." *Id.* But it said that she had not shown that the risk of her exposure to the virus was greater at FMC Carswell (where only two of 1224 inmates had contracted the virus) than it would be living with her father, and it pointed out that the facility "houses inmates with medical needs," suggesting that it "likely is better equipped to prevent an outbreak or to contain one" than are other BOP facilities. *Id.* The district court then dismissed her motion for lack of jurisdiction.[1]

Ms. Read-Forbes challenges the district court's decision. But we cannot review the merits because the controversy is moot. The predicate of Ms. Read-Forbes's filings in district court was that confinement at her prison posed an unacceptable threat that she would be infected by the COVID-19 virus. Her opening brief on appeal, however, informs us that shortly after filing her notice of appeal she tested positive for the virus.

---

[1] We question whether Ms. Read-Forbes's failure to satisfy the substantive requirements of § 3582(c)(1)(A) is jurisdictional. *Cf. Alam*, 960 F.3d at 832–33; *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). *But see United States v. Spaulding*, 802 F.3d 1110, 1122 (10th Cir. 2015). But we need not address this issue because it is moot.

Consequently, the courts can no longer do anything to prevent her from getting her initial infection, depriving us of jurisdiction to consider the merits of the district court's decision. *See United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000) ("[W]hen the injury for which an appellant seeks judicial relief disappears or is resolved extrajudicially prior to the appellate court's decision, the appellant can no longer satisfy the Article III case or controversy jurisdictional requirement and the appeal is moot.")

Ms. Read-Forbes continues to seek relief because of her poor physical condition, now exacerbated by her COVID-19 infection. But her present claim is based on factual allegations that have never been considered by the district court. We cannot hear that claim in the first instance.[2] *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) ("[A]s to issues that were not presented to the district court, we adhere to our general rule against considering issues for the first time on appeal.").

---

[2] Ms. Read-Forbes also alleges that she is eligible for relief because the government's conduct in her underlying criminal proceeding violated her Sixth Amendment rights. But federal habeas corpus proceedings are the exclusive remedy for a prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution." 28 U.S.C. § 2255(a); *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (prisoner cannot seek a determination that she is entitled to immediate or speedier release from confinement under 42 U.S.C. § 1983); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.").

We therefore **DISMISS** this appeal and **GRANT** Ms. Read-Forbes's motion to proceed *in forma pauperis*.

Entered for the Court


Harris L Hartz
Circuit Judge