# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 10, 2021

Lyle W. Cayce
Clerk

No. 20-10420

United States of America,

*Plaintiff—Appellee*,

*versus*

Manuel Lang, III,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:15-CR-92-2

Before Davis, Southwick, and Costa, *Circuit Judges*.

Per Curiam:[*]

Manuel Lang, III, federal prisoner # 66137-380, appeals the district court's denial of his motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A). Lang requested a compassionate-release sentence reduction based upon the COVID-19 pandemic and his underlying medical conditions.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10420

Because Lang failed to exhaust his administrative remedies prior to filing his motion, we AFFIRM.[1]

In 2016, Lang pleaded guilty to a drug offense and was sentenced to 96 months in prison. On April 13, 2020, Lang submitted a motion requesting a compassionate-release sentence reduction under § 3582(c)(1)(A) and home confinement under the Coronavirus Aid, Relief, and Economic Security (CARES) Act.[2] Lang stated that he suffers from various health ailments, making him high risk for contracting COVID-19 and developing a debilitating illness from it. On April 18, 2020, the district court denied Lang's motion based on Lang's failure to describe "the conditions of his present housing at FMC-Fort Worth or how those conditions might justify any change to the service of his sentence." Lang timely filed a notice of appeal.[3]

On appeal, Lang argues that the district court abused its discretion and erred in denying his motion for a compassionate-release sentence reduction under § 3582(c)(1)(A)(i) because it failed to consider his medical conditions which put him at high risk of contracting, and becoming seriously ill from,

---

[1] *United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014) (noting that this Court may affirm on any basis supported by the record).

[2] Lang indicated that on April 13, 2020, he signed and submitted his motion to prison authorities to be mailed to the district court. The motion was received and marked as "filed" by the district court on April 16, 2020.

[3] Lang subsequently filed in the district court a motion to expedite his appeal and an amended motion to expedite his appeal. Construing those motions as additional motions for compassionate release under § 3582(c)(1)(A), the district court denied those motions on May 20, 2020, based on Lang's failure to exhaust his administrative remedies as required by § 3582(c)(1)(A). Lang, however, did not appeal the district court's May 20, 2020, order. Thus, our appellate jurisdiction is limited to review of the district court's April 20, 2020, order. *See Fiess v. State Farm Lloyds*, 392 F.3d 802, 806–07 (5th Cir. 2004) (holding that this Court lacks appellate jurisdiction to review a ruling without an effective notice of appeal of that ruling).

No. 20-10420

COVID-19.[4] He asserts that his medical conditions combined with the COVID-19 pandemic constitute "extraordinary and compelling reasons," as contemplated by § 3582(c)(1)(A)(i), qualifying him for a compassionate-release sentence reduction.[5] He contends that he exhausted his administrative remedies because he sent an inmate request for compassionate release to the appropriate prison authority on April 18, 2020, and he did not receive a response within 30 days.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."[6] One such exception is § 3582(c)(1)(A)(i), the provision that Lang relies on here, which allows a district court to reduce a defendant's sentence if, after considering any relevant 18 U.S.C. § 3553(a) sentencing factors, it finds that "extraordinary and compelling reasons warrant such a reduction" and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[7] We review the denial of a § 3582(c)(1)(A)(i) motion for an abuse of discretion.[8]

---

[4] Lang has informed this Court that he tested positive for COVID-19 on September 21, 2020.

[5] Although Lang contends he meets the criteria for release to home confinement under the CARES Act, the plain language of the CARES Act does not grant a federal court the authority to make home confinement determinations. *See* Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134, § 12003 Stat. 281, 516 (2020). Rather, it authorizes prison authorities to lengthen the maximum amount of time to place a prisoner in home confinement under 18 U.S.C. § 3624(c)(2), which applies to "prerelease custody" and not to compassionate-release sentence reductions under § 3582(c)(1)(A).

[6] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting § 3582(b)).

[7] § 3582(c)(1)(A)(i).

[8] *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

No. 20-10420

A § 3582(c)(1)(A) compassionate-release motion may be filed either by the Director of the Bureau of Prisons or by a defendant after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[9] This Court recently held in a case involving a motion for compassionate release based on the COVID-19 pandemic that this pre-filing administrative exhaustion requirement, although not jurisdictional, is mandatory.[10]

As stated above, with respect to exhaustion, Lang asserts that he submitted a written inmate request to the appropriate prison authority on April 18, 2020, and that he did not receive a response within 30 days. But the record shows that on April 13, 2020, before Lang ever made his request to prison officials, Lang submitted his motion for compassionate release for mailing to the district court, which was marked as filed on April 16, 2020. Thus, Lang had not begun the mandatory administrative exhaustion process required by § 3582(c)(1)(A)(i), let alone completed it, before he filed his motion for compassionate release in federal court.

Based on the foregoing, because Lang failed to exhaust his administrative remedies before filing his motion for a compassionate-release sentence reduction in federal court, the district court's judgment is AFFIRMED.[11]

---

[9] § 3582(c)(1)(A).

[10] *United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir. 2020).

[11] *See id.*