# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2021

Lyle W. Cayce
Clerk

No. 20-50732
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KAREN ANN WILSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:04-CR-158-2

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Karen Ann Wilson is a 42-year old prisoner at FCI Danbury in Connecticut. She pled guilty to aiding and abetting distribution of a controlled substance and was sentenced to 262 months of imprisonment and six years' supervised release. Her term was reduced to 108 months and she

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50732

was ultimately granted supervised release, which was revoked when she violated the terms of supervision. *Id.* Ms. Wilson's term of imprisonment ends on February 13, 2022.

On April 24, 2020, Ms. Wilson filed a motion with the district court, construed as a motion pursuant to the CARES Act, requesting early release due to the dangers posed by COVID-19. In her motion she explained that she approached her unit manager (not the warden) about being released to home confinement and he directed her to contact her "case manager," which she did, but received no reply. Three days after Ms. Wilson filed her motion, the district court dismissed it in a docket entry, saying that "the CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons."

On June 26, Ms. Wilson filed an Emergency Motion for Compassionate Release pursuant to the First Step Act. Ms. Walker argued that she is at a heightened risk of COVID-19 because she is African-American, at risk for pre-diabetes, and she has a history of migraines and chronic health issues. In her filing, Ms. Wilson stated she had exhausted her administrative remedies, but she provided no documentation of having done so. Instead, she said that Danbury's Warden Easter had informed the prisoners that she would deny all requests for early release and "encouraged the inmates to petition the courts for relief." The district court dismissed this motion, too, holding that Ms. Wilson's reasons for seeking release were "neither extraordinary nor compelling."

No. 20-50732

On appeal to this court, Ms. Wilson renews her argument that her health conditions put her at risk and added that she is obese, another precondition that makes COVID-19 more dangerous.[1]

The First Step Act, passed in 2018, granted to federal courts the authority to "reduce the term of [an inmate's] imprisonment" when the Bureau of Prisons ("BOP") moves to request such an action, or on a motion from an inmate. 18 U.S.C. § 3582(c)(1)(A)(i). Importantly, the BOP is the statutorily preferred applicant, and to bring his or her own motion, the inmate must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[2] *Id.* According to regulation, an inmate's request "shall be submitted to the Warden," "[o]rdinarily, [] shall be in writing," and only submitted "when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." 28 C.F.R. § 571.61(a). This court has already held that although the requirement to petition the prison first is not jurisdictional, it is mandatory. *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020).

This court has held that "[a]ny failure to exhaust [under the PLRA] must be asserted by the defendant," *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007), which the Government here has failed to do, but should

---

[1] She represented that she has "exhausted all administrative remedies" and that she was "denied for unknown reasons." Ms. Wilson has provided no documentation of any request to the warden. The Government has chosen not to file a responsive brief, stating that after a review of the district court's decision and the appellant's brief on appeal, the record supports the district court's conclusion to dismiss.

[2] Wilson has abandoned her claims under the CARES Act and for appointment of counsel by not briefing them on appeal. *Yohey v. Collins*, 985 F.2d 222 (5th Cir. 1993).

No. 20-50732

Ms. Wilson's situation change, and Ms. Wilson seek relief again, proper exhaustion is essential. The statutory mandate remains clear: after exhausting their administrative remedies, inmates need to petition their wardens before applying to the courts. [3]

The issue of exhaustion aside, we concur with the determination that Ms. Wilson offered no "extraordinary or compelling circumstances" justifying relief, and therefore we AFFIRM the district court's order.

---

[3] Ms. Wilson might consider her discussions with prison officials shortly before filing her CARES Act request as her exhaustion, but those communications cannot satisfy the statutory requirement. The Home Confinement Worksheet to which she refers does not mention the warden. Had the Government raised exhaustion as a defense, Ms. Wilson would not have been able to show she had done so. Without documentation of a request, this court cannot know if it has taken place at all, nor determine whether the statutorily prescribed thirty days have passed permitting the inmate to proceed alone.