# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2021

Lyle W. Cayce
Clerk

No. 20-30432
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BILLY DOUGLAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:97-CR-5-1

Before WILLETT, HO, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Billy Douglas, federal prisoner # 18753-001, seeks to proceed in forma pauperis (IFP) on appeal from the denial of his motion for compassionate release reduction in sentence or home confinement under

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30432

18 U.S.C. § 3582(c)(1)(A) for failure to exhaust his administrative remedies or show extraordinary and compelling reasons for a reduction in sentence.

We construe Douglas's IFP motion as a challenge to the district court's certification that his appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into the good faith of the appeal "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

The district court did not err in denying Douglas's motion on the grounds that he failed to exhaust his administrative remedies. *See United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 920 (2020). In addition, Douglas fails to meaningfully address the district court's determination that he failed to show extraordinary and compelling reasons for an early release. Thus, Douglas fails to demonstrate that his appeal involves any arguably meritorious issues, *see Howard*, 707 F.2d at 220. We DENY his motion to proceed IFP and DISMISS the appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.