# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 29, 2021

Lyle W. Cayce
Clerk

No. 20-50413
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Carlos Zuniga Hernandes,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CR-411-1

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Carlos Zuniga Hernandes, federal prisoner # 82559-180, appeals from the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion requesting a reduction in his sentence based on the danger of COVID-19 in light of his alleged health issues. He contends that he did not need to exhaust

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50413

his administrative remedies before filing his motion because the attempt would have been futile and the delay caused by exhaustion could have severe consequences to his health. We may pretermit the exhaustion issue where, as here, the case can easily be resolved on the merits. *See United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (stating that the exhaustion requirement is mandatory, but not jurisdictional).

We review the district court's decision to deny a prisoner's motion for compassionate release for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court ruling on such a motion is "bound only by § 3582(c)(1)(A)(i) and . . . the sentencing factors in [18 U.S.C.] § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

The district court denied the motion because it found no compelling or extraordinary reasons for a sentence reduction, and, alternatively, because the § 3553(a) factors did not weigh in favor of a reduction. Zuniga Hernandes challenges both findings, but in light of the record, he fails to show an abuse of discretion. *See Chambliss*, 948 F.3d at 693. Zuniga Hernandes also contends that the district court violated his due process rights by denying relief sua sponte, but the district court denied relief only after Zuniga Hernandes submitted a motion.

AFFIRMED.