# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2021

Lyle W. Cayce
Clerk

No. 20-40639
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

THEODORE WILLIAM TAYLOR,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-9-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.
PER CURIAM:*

Theodore William Taylor, federal prisoner # 26966-078, appeals from the district court's denial of his *pro se* 18 U.S.C. § 3582(c)(1)(A) motion seeking compassionate release. We review the district court's denial for an

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40639

abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

The pre-filing administrative exhaustion requirement for a compassionate-release motion is not jurisdictional, but it is a mandatory claim-processing rule. *See United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir.), *cert. denied*, 141 S. Ct. 920 (2020). In his Section 3582(c)(1)(A) motion, Taylor asserted that he had met the exhaustion requirement and, as supporting proof, submitted a copy of the warden's letter denying Taylor's request for home confinement. The district court denied Taylor's motion for failure to meet the exhaustion requirement because the warden's letter did not show that Taylor had asked the Bureau of Prisons to seek compassionate release on his behalf.

In his opening brief, Taylor repeats his conclusory assertion that he met the exhaustion requirement. Although he includes other allegations regarding exhaustion in his reply brief, we will not consider those assertions, especially when Taylor could have raised them earlier. *See United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009); *see also Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Because the district court did not abuse its discretion by denying Taylor's motion due to his failure to exhaust, we AFFIRM the district court's judgment on that basis. To the extent that Taylor's opening brief may be construed as a motion for extraordinary relief in the form of compassionate release, we DENY that motion.