# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2021

Lyle W. Cayce
Clerk

No. 20-30806
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Javier Munoz,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:17-CR-330-1

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:[*]

Javier Munoz, federal prisoner # 20457-035, pleaded guilty to possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). He was sentenced to 165 months of

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

imprisonment and five years of supervised release. Munoz appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues, among other things, that the district court erred in finding that he failed to exhaust his administrative remedies before filing his motion. We may pretermit the exhaustion issue where, as here, the case can easily be resolved on the merits. *See United States v. Franco*, 973 F.3d 465, 467 (5th Cir.) (stating that the exhaustion requirement is mandatory but not jurisdictional), *cert. denied*, 141 S. Ct. 920 (2020).

We review a district court's denial of a motion for a compassionate release sentence reduction under § 3582(c)(1)(A) for an abuse of discretion. *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021); *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court abuses its discretion when it "bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Chambliss*, 948 F.3d at 693 (internal quotation marks and citation omitted).

Although the district court stated that Munoz had failed to show that he was "not a danger to the community," there is nothing in the record to indicate that the district court felt bound by the policy statement set forth in U.S.S.G. § 1B1.13, or its commentary. Instead, the record shows that the district court's denial of relief was also based on its balancing of the 18 U.S.C. § 3553(a) factors. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Because Munoz does not explicitly challenge the district court's balancing of the § 3553(a) factors on appeal, any such challenge is abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). He fails to show that the district court abused its discretion by denying his motion. *See Chambliss*, 948 F.3d at 693.

Accordingly, the judgment is AFFIRMED. Munoz's motion to appoint counsel is DENIED.