# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2021

Lyle W. Cayce
Clerk

No. 20-50977
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SHAMUS MORRIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:12-CR-267-4

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Shamus Morris, federal prisoner # 05600-380, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. Morris's motion requested a reduction in his sentence to time served because certain medical conditions increased his risk of contracting and dying

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

from COVID-19 and because he was being denied necessary medical care and rehabilitative services as a result of the pandemic.

This court reviews a district court's decision denying a § 3582(c)(1)(A) motion for an abuse of discretion, giving deference to the district court's application of the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020). The district court abuses its discretion when its decision is grounded on a legal error or clearly erroneous facts. *Id.* at 693.

The Government argues that the district court's judgment should be affirmed because Morris failed to exhaust his administrative remedies and has not established that the district court's denial of his motion for compassionate release constituted an abuse of discretion. We agree with the latter argument and pretermit the issue of exhaustion. *See United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir.), *cert. denied*, 141 S. Ct. 920 (2020).

Even with the benefit of liberal construction, Morris's brief raises no claim of procedural error. It includes no assertion that the district court erroneously believed that it was constrained by policy statements issued by the Sentencing Commission, *see United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021), or that the district court's order failed adequately to explain its decision, *see Chambliss*, 948 F.3d at 693. Nor does Morris's brief argue that the district court erred in denying his request for immediate release, which was the only relief that he requested in his motion for compassionate release. Thus, Morris has forfeited review of those issues. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). We do not consider Morris's arguments that he should be granted a six-month reduction in his term of imprisonment and a two-and-a-half year reduction in his term of supervised release based on the hardships that he has endured due to the pandemic because he raises them for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). To the

No. 20-50977

extent Morris's brief may be construed as incorporating a motion for this court to grant those sentence reductions, that motion is DENIED.

In sum, Morris has forfeited review of any procedural challenge to the district court's denial of relief and its denial of the only relief that he sought in the district court. *See Yohey*, 985 F.2d at 224–25. In the light of that forfeiture and because this court cannot consider the new arguments and new relief that he has asserted on appeal, *see Leverette*, 183 F.3d at 342, the judgment of the district court is AFFIRMED. Morris's motion for appointment of counsel is DENIED as unnecessary.