In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 20-2445

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GREGORY SANFORD,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court
for the Central District of Illinois.
No. 12-cr-10069-JES — **James E. Shadid**, *Judge*.

———————————

SUBMITTED JANUARY 5, 2021[*] — DECIDED JANUARY 25, 2021

———————————

Before SYKES, *Chief Judge*, and ROVNER and BRENNAN, *Circuit Judges*.

———————————

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

SYKES, *Chief Judge*. Gregory Sanford is serving a 15-year sentence in federal prison for a 2014 cocaine-trafficking conviction. He moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing the COVID-19 pandemic. He did not, however, exhaust administrative remedies within the Bureau of Prisons before filing his motion. The government raised the exhaustion problem in the district court and also opposed Sanford's release request on the merits. The judge skipped over the exhaustion question and proceeded directly to the merits, declining to reduce Sanford's sentence. Sanford appealed.

The government defends the judge's decision on the merits but again raises the exhaustion problem, arguing that the exhaustion requirement in § 3582(c)(1)(A) is a mandatory claim-processing rule and therefore must be enforced when properly invoked. Three circuits agree and none have held otherwise; we now join the emerging consensus. Sanford failed to comply with the exhaustion requirement before moving for compassionate release. The government properly raised the exhaustion issue in the district court and here. We therefore enforce the requirement and affirm the judgment, though on different grounds.

## I. Background

In 2014 Sanford was convicted in the Central District of Illinois of possession of cocaine with intent to distribute. The judge imposed a sentence of 180 months in prison—82 months below the bottom of the range recommended by the Sentencing Guidelines. Sanford is currently housed in the federal correctional facility in Victorville, California, and has served roughly half of his sentence.

On April 28, 2020, the warden at the Victorville prison received two written requests from Sanford seeking compassionate release under § 3582(c)(1)(A) due to the COVID-19 pandemic. Without waiting for a response from the warden or letting 30 days lapse without a response (as the statute requires), Sanford filed a pro se compassionate-release motion in the sentencing court just three days later, on May 1. The court appointed the Federal Defender's Office to represent him, and counsel filed an amended motion. The amendment focused mostly on the risks of COVID-19 for prison populations generally. At the very end of the motion, however, counsel stated that Sanford "suffers from several health conditions, including stomach pain, shortness of breath, and anxiety," though no details were provided.

On May 14 the warden denied Sanford's request, explaining that § 3582(c)(1)(A) permits the Bureau of Prisons ("BOP") to ask the court to reduce a prisoner's sentence for "extraordinary and compelling" reasons, but as a medically stable 38-year-old and considering the risks of the virus, Sanford's circumstances did not satisfy this standard. The warden also explained that "[t]he BOP is taking extraordinary measures" to prevent the spread of COVID-19. Finally, the warden advised Sanford of his right to pursue an administrative appeal and explained the process for doing so.

Meanwhile, the government responded to Sanford's amended motion, making two basic points. First, the government noted that Sanford failed to comply with the statute's requirement of administrative exhaustion before filing his motion for compassionate release. The statute provides in relevant part:

**(c) Modification of an imposed term of imprisonment.** *The court may not modify a term of imprisonment once it has been imposed except that*—

**(1)** in any case—

**(A)** the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment … after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

**(i)** extraordinary and compelling reasons warrant such a reduction … .

18 U.S.C. § 3562(c) (emphases added). The government argued that the statutory exhaustion requirement, though not jurisdictional, is a mandatory claim-processing rule and must be enforced if invoked. Because Sanford had not complied with the requirement, the government urged the court to deny the motion for this reason alone.

Second, the government argued against release on the merits, noting that the Victorville prison did not have any positive COVID-19 cases at that time and that Sanford, as a

38-year-old with no serious medical conditions, had not established that he was at particular risk. A generalized claim of "stomach pain, shortness of breath, and anxiety," the government argued, was insufficient to satisfy the statute's requirement of "extraordinary and compelling reasons" for a sentence reduction.

In reply Sanford's counsel noted that the warden had denied Sanford's administrative request on May 14 and urged the court to proceed directly to the merits. The balance of counsel's reply amplified her earlier arguments about the dangers of COVID-19 to all prisoners.

The judge declined to rule on the exhaustion issue and instead addressed Sanford's motion on the merits, concluding that the "mere presence" of COVID-19 in prison is not an extraordinary and compelling reason for compassionate release. Rather, release might be appropriate when a facility is facing a serious, uncontained COVID-19 outbreak and the prisoner's medical conditions place him at significant risk of complications from the virus. Because Sanford had not shown that he had an elevated risk for a severe case of COVID-19, the judge declined to reduce his sentence and denied the motion.

## II. Analysis

Section 3582(c)(1) establishes a default rule that the district court "may not modify a term of imprisonment once it has been imposed," with a few limited exceptions. At issue here is the so-called "compassionate release" provision, which authorizes a sentence reduction if the court finds that "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i).

Before 2018 compassionate release required a motion from the BOP. *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). The First Step Act of 2018 amended the statute to permit the court to adjudicate a motion directly from the defendant—provided, however, that the defendant must first present his request for compassionate release to the warden and exhaust administrative appeals (if the request is denied) or wait "30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

We have recently held that the exhaustion requirement in § 3582(c)(1)(A) is an affirmative defense, not a jurisdictional prerequisite, so the government will lose the benefit of the defense if it fails to properly invoke it. *Id.* at 1181. We have not yet directly addressed—that is, not in a published opinion—whether the exhaustion requirement is a mandatory claim-processing rule and therefore *must* be enforced when properly invoked.[1] Several of our sister circuits have held that it is. *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020); *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (characterizing the statute's exhaustion requirement as a "glaring roadblock foreclosing compassionate release").

We agree. The statute plainly uses mandatory language: the court "*may not* modify a term of imprisonment" on the defendant's own motion (as opposed to one from the BOP) until "after the defendant has fully exhausted all administra-

---

[1] In a recent unpublished order, we enforced the exhaustion requirement as a mandatory claim-processing rule. *United States v. Williams*, 829 F. App'x 138, 140 (7th Cir. 2020).

tive rights to appeal" from the warden's denial of his request or "the lapse of 30 days from the receipt of such a request by the warden, whichever is earlier." § 3582(c)(1)(A). This is the language of "a paradigmatic mandatory claim-processing rule." *Franco*, 973 F.3d at 468.

"If properly invoked, mandatory claim-processing rules must be enforced … ." *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017); *see Fort Bend Cnty. v. Davis,* 139 S. Ct. 1843, 1849 (2019). The government properly invoked Sanford's failure to comply with § 3582(c)(1)(A)'s exhaustion requirement, thoroughly briefing the issue in the district court and on appeal. Though the judge passed over the exhaustion question in favor of a ruling on the merits, a remand for exhaustion factfinding is unnecessary because the facts are not in dispute. Sanford filed his § 3582(c)(1)(A) motion just three days after the warden received his request for compassionate release, without waiting for a response (and pursuing an administrative appeal) or the lapse of 30 days.

That resolves this appeal. Although the parties addressed the judge's ruling on the merits, we do not need to reach those arguments. Because Sanford failed to comply with the statute's exhaustion requirement, we affirm the denial of his motion for compassionate release.

AFFIRMED