FILED
United States Court of Appeals
Tenth Circuit

March 19, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TUESDAY SHALON JOHNSON,

    Defendant - Appellant.

No. 20-6103
(D.C. No. 5:09-CR-00021-R-3)
(W.D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY**, and **BRISCOE**, Circuit Judges.
_____

Defendant-appellant Tuesday Shalon Johnson appeals the district court's dismissal

of her motion for a sentence reduction under the First Step Act. Ms. Johnson also raises,

for the first time on appeal, a claim for relief under the Coronavirus Aid, Relief, and

Economic Security ("CARES") Act. Finally, Ms. Johnson moves for leave to proceed on

appeal *in forma pauperis*. We affirm the district court's decision denying Ms. Johnson

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

First Step Act relief, we deny her request for relief under the CARES Act, and we grant her motion for leave to proceed *in forma pauperis*.[1]

## I.    BACKGROUND

In May 2009, Ms. Johnson pleaded guilty to one count of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). She is currently serving a 210-month sentence for this conviction. In June 2020, she filed a pro se motion in the district court seeking to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as revised by the First Step Act of 2018. She argued "both medical and 'extraordinary and compelling reasons'" warranted a reduction. ROA, Vol. 1 at 267.

The district court dismissed Ms. Johnson's motion in an order dated June 17, 2020. The court reasoned that before it could "consider whether [Ms.] Johnson has established that extraordinary circumstances exist to support reduction of her sentence, she must demonstrate that she exhausted her administrative remedies within the [Bureau of Prisons ("BOP")] or that she sought relief from the warden and her request went without answer for thirty days." *Id.* at 275. Because Ms. Johnson had made "no representations in [her] motion regarding exhaustion," the district court held it "c[ould] not grant relief pursuant to § 3582(c)(1)(A)(i)." *Id.*

Ms. Johnson timely appealed the district court's order.

---

[1] Because Ms. Johnson is a pro se litigant, we construe her "pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).

## II. DISCUSSION

### A. First Step Act

The district court dismissed Ms. Johnson's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on her failure to comply with the statute's exhaustion requirement. We review de novo "the scope of the district court's authority to reduce a term of imprisonment under § 3582." *See United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) (citation omitted).

Prior to the enactment of the First Step Act in 2018, only the Director of the BOP could move for compassionate release on a prisoner's behalf under § 3582(c)(1)(A). *See, e.g., United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997) (petitioner not eligible for compassionate release absent motion from BOP Director). Following the passage of the First Step Act, a prisoner may bring such a motion in the district court on her own behalf. If the prisoner does so, however, she must first exhaust her administrative remedies. Specifically, she must request that the BOP make such a motion on her behalf and then either (1) "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring [the] motion on [her] behalf" or (2) wait for thirty days to have passed since the "warden of the [prisoner]'s facility" received her request. 18 U.S.C. § 3582(c)(1)(A).

Here, Ms. Johnson does not purport to have submitted a request to the BOP in the first instance. Rather, she argues the district court should have applied "an exception to [§ 3582(c)(1)(A)'s] exhaustion requirement" in light of the COVID-19 pandemic. ROA, Vol. 1 at 267. In support of this argument, she notes that a number

3

of district courts in other circuits have held that the statute's exhaustion requirement is not mandatory. *See id.* (collecting cases). These courts have held that "[a] court may waive the exhaustion requirement if certain exceptions apply, including a finding that exhaustion would be futile or would subject the individual to undue prejudice." *United States v. Coles*, 455 F. Supp. 3d 419, 424 (E.D. Mich. 2020); *see also, e.g.*, *United States v. Ben-Yhwh,* 453 F. Supp. 3d 1324, 1328–29 (D. Haw. 2020) (holding similarly); *United States v. Zukerman*, 451 F. Supp. 3d 329, 332–33 (S.D.N.Y. 2020) (holding similarly).

In this circuit, however, § 3582(c)(1)(A)'s exhaustion requirement is mandatory, rather than judicially waivable. *United States v. Gieswein*, 832 F. App'x 576, 577–78 (10th Cir. 2021) (unpublished) (affirming district court's dismissal of Mr. Gieswein's motion under 18 U.S.C. § 3582(c)(1)(A) because he "failed to meet the statute's exhaustion requirements"); *United States v. Springer*, 820 F. App'x 788, 791–92 (10th Cir. 2020) (unpublished) (holding that "[c]ontrary to [Mr.] Springer's argument, he was required to request that the BOP file a [§ 3582(c)(1)(A)] motion on his behalf to initiate his administrative remedies," and affirming the district court's denial of his motion because he "never made such a request"). Although these decisions are not precedential, they are persuasive.

Likewise, every other Court of Appeals to have addressed the issue has agreed. *United States v. Rodrigues*, No. 20-12623, 2021 WL 613825, at *2 (11th Cir. Feb. 17, 2021) (unpublished) (holding that "[d]espite the unique circumstances presented by the COVID-19 pandemic, and contrary to Mr. Rodrigues' argument, . . . the district court did

4

not abuse its discretion in denying . . . his motion for compassionate release" because he had "failed to exhaust his administrative remedies"); *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) ("We have not yet directly addressed . . . whether the exhaustion requirement is a mandatory claim-processing rule and therefore must be enforced when properly invoked. Several of our sister circuits have held that it is. We agree." (footnote and citations omitted)); *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) ("[W]e must determine whether [§ 3582(c)(1)(A)'s] statutory [exhaustion] requirement is mandatory. We join the other three circuits that have faced the question and conclude that it is." (citing, *inter alia*, *Springer*, 820 F. App'x at 790–92)); *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020) (holding that prisoner's "fail[ure] to comply with the § 3582(c)(1)(A) administrative exhaustion requirement" precluded relief); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (holding that prisoner's failure to comply with § 3582(c)(1)(A)'s exhaustion requirement was a "glaring roadblock foreclosing compassionate release").

Accordingly, Ms. Johnson was required to exhaust her administrative remedies before seeking relief from the district court. Because she has failed to demonstrate that she satisfied § 3582(c)(1)(A)'s mandatory exhaustion requirement, the district court properly rejected her request for relief under the statute.

### B. CARES Act

In her briefing on appeal, Ms. Johnson also argues that under the "CARES Act[,] vulnerable inmates" may be placed in "home confinement," and that "William Barr stated that the most vulnerable inmates . . . should be considered for release due

to . . . COVID-19." Aplt. Br. at 2, 4. Ms. Johnson claims to fall within that category of most vulnerable inmates and asks to be placed in home confinement.

It is true that the CARES Act expanded the BOP's power to "place a prisoner in home confinement" in light of the pandemic. CARES Act, § 12003(b)(2), Pub. L. No. 116-136, 134 Stat. 281, 516 (Mar. 27, 2020); *see also United States v. Read-Forbes*, No. 20-3104, 2021 WL 423160, at \*1 (10th Cir. Feb. 8, 2021) (unpublished) ("For some time the BOP has enjoyed statutory authority to permit a prisoner to serve part of her sentence under home confinement, and the recent CARES Act expanded this authority during the emergency caused by the COVID-19 pandemic."). Further, former Attorney General Barr instructed the BOP to make the most of this expanded power by placing in home confinement "all inmates whom [the BOP] deem[s] suitable candidates." *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19*, Office of the Attorney General (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

But we must reject Ms. Johnson's request. First, she did not make any reference to the CARES Act in her briefing before the district court; she therefore forfeited this argument on appeal. *See Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1150 (10th Cir. 2012) (An issue is preserved for appeal only "if a party alerts the district court to the issue and seeks a ruling." (quotation marks omitted)); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("Although a pro se litigant's pleadings are to be construed liberally . . . , this court has repeatedly insisted that pro se parties follow the same rules of

6

procedure that govern other litigants." (internal quotation marks omitted)); *United States v. Edwards*, 69 F.3d 419, 427 n.5 (10th Cir. 1995) (declining to consider issue raised for the first time in pro se supplemental appellate brief).

Second, even if preserved, Ms. Johnson's argument would fail on the merits. The CARES Act does not empower the courts to order that an inmate's sentence be served in home confinement. *See Read-Forbes*, 2021 WL 423160, at *1 (stating that "§ 3582(c)(1)(A), even as modified by the CARES Act, does not permit courts to specify where a prisoner shall serve her term[; rather, a]ll a court can do is reduce the prisoner's sentence," and citing *United States v. Williams*, 829 F. App'x 138, 139 (7th Cir. 2020) (unpublished) for the proposition that "the CARES Act provides no role for courts with respect to home confinement").

Ms. Johnson's request for relief from this court under the CARES Act, is denied.

### III.   CONCLUSION

For the foregoing reasons, we **AFFIRM**. Although we dismiss Ms. Johnson's appeal, we nonetheless conclude that the arguments she raised in support of her appeal were not frivolous, and she has demonstrated her financial inability to pay the required filing fees. Therefore, we **GRANT** Ms. Johnson's motion for leave to proceed *in forma pauperis*.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

7