NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2021[*]
Decided March 29, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-2103

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 14-CR-223 |
| STEVEN LINK, *Defendant-Appellant*. | William C. Griesbach, *Judge*. |

**O R D E R**

Steven Link, a federal inmate, moved for compassionate release in two separate motions, first, so that he could reestablish his relationship with his child in foster care and, later, so that he could avoid the threat of COVID-19 that was afflicting many prisoners. *See* 18 U.S.C. § 3582(c)(1)(A). The district court denied both motions, concluding that he had not shown sufficiently compelling reasons to justify release. Because the court did not abuse its discretion in denying the motions, we affirm.

---

[*] We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Link has served nearly six years of a 90-month sentence for receipt of child pornography. *See* 18 U.S.C. § 2252A(a)(2). He is in federal custody at the Fort Dix Federal Correctional Institution in New Jersey.

In February 2017 Link petitioned the warden at his facility for compassionate release, citing his need to care for his child who, after the arrest of his wife, had been taken into protective custody and placed in foster care. Link asserted that he was the lone family member who could care for his child. The warden denied Link's request for early release, stating that the confinement of Link's wife did not satisfy the definition of incapacitation under the Bureau of Prison's program statements. Link's later administrative appeals were all denied.

In April 2019 Link moved in federal court to reduce his sentence under § 3582(c)(1)(A), seeking compassionate release based on new developments involving his child. Most notably, local human-services officials had informed Link that they were proceeding with a termination-of-parental-rights action against him and his wife. Link supplemented his motion with a proposed re-entry plan that envisioned his being released to live with his parents at their residence in Illinois, joined eventually by his child.

In April 2020, after the outbreak of coronavirus, Link filed an "emergency motion" to amend his compassionate-release motion. He asserted that the pandemic presented many risks for prisoners, particularly those at a "tightly-packed, nonhygienic" prison like his.

The district court denied Link's motion for compassionate release. With regard to the circumstances of COVID-19, the court found that Link's relative youth (42) and reported good physical health did not appear to put him at extreme risk. As for the new development involving the termination-of-parental-rights proceedings, the court found that Link had failed to exhaust his administrative remedies by not including these more recent details in his petition to the warden. The court sympathized with Link's desire to renew his relationship with his child but observed, based on reports that the child was doing well in foster care and did not wish to return to the parental home, that Link's release may not be in the child's best interest.

On appeal Link primarily challenges the court's ruling that he did not exhaust his administrative remedies with regard to his request for release based on the pending termination-of-parental-rights proceedings. He insists that there was a sufficient overlap in

the substance of his filings to the warden and the court—specifically, that his early release would best serve his child's interests. Even if the present situation has worsened (in that his parental rights may be terminated), he contends "there is no statutory obligation to refile administrative remedy requests upon … the worsening of conditions underlying the initial BOP requests."

The exhaustion requirement of § 3582(c)(1)(A) is a mandatory claims-processing rule that must be enforced when properly invoked, *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021), as the government did in the district court (and reasserts on appeal). To properly exhaust, an inmate must "present the same or similar ground for compassionate release in a request to the Bureau [of Prisons] as in a motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). Indeed, the Bureau's regulations require the inmate to detail the extraordinary or compelling circumstances that warrant his compassionate release. *Id.* (citing 28 C.F.R. § 571.61(a)(1)). The purpose of this requirement is to allow the Bureau an opportunity to evaluate issues before they are brought to federal court. *Id*.

We agree with the district court that the arguments Link presented to his warden differed substantively from the arguments he later advanced in the district court. In his petition to the warden, Link raised no prospect of his parental rights potentially being terminated; those proceedings had not yet been initiated. Link asserted that, as his child's full custodian, he was responsible for her care, particularly in light of his wife's arrest and his family's financial circumstances. But two years later, when he filed his motion, his family's situation had changed. As documented in a letter from February 2019 that he attached to his motion, the state's caseworker advised him that a termination-of parental-rights action was being brought against him and his wife. By not apprising the warden of this development in a renewed petition, Link did not give the Bureau an opportunity to address the new situation, and thus failed to exhaust his administrative remedies.

This resolves the appeal. Although the parties addressed the court's decision on the merits, we need not reach those arguments. Because Link failed to comply with the statute's exhaustion requirement, we uphold the denial of his motion for compassionate release.

                                                                                                                                                                         AFFIRMED