**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 28, 2021*
Decided April 28, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-3169

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 3:15-cr-00124-jdp |
| ALEXANDER KLUBALL, *Defendant-Appellant*. | James D. Peterson, *Chief Judge*. |

**O R D E R**

Alexander Kluball, a federal inmate who suffers from obesity and asthma, appeals from the denial of his motion for compassionate release based on his health conditions and the COVID-19 pandemic. The district court denied the motion, reasoning that Kluball failed to show that he exhausted administrative remedies and,

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

alternatively, that his health conditions were not an extraordinary and compelling reason for his release. We affirm.

Kluball, who pleaded guilty in 2016 to sex trafficking a minor, 18 U.S.C. § 2421, is midway through his 10-year sentence at FCI Pekin in Illinois. In September 2020, he moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that his health conditions, together with COVID-19, constitute an extraordinary and compelling reason for reducing his sentence, and that his extensive rehabilitation efforts in prison further weigh in favor of his release. Without addressing any of the steps he may have taken to exhaust his administrative remedies, Kluball asked the court to waive § 3582(c)(1)(A)'s exhaustion requirement because "waiting even 30 days will be too late," given the dire threat posed by the virus. The government opposed the motion on two grounds: Kluball had failed to show that he exhausted his administrative remedies and to provide sufficient medical documentation for the court to consider the merits of his request. (Kluball's submitted health records reflected only diagnoses of obesity and asthma; the records said nothing about the severity of these conditions or whether they would put him at an increased risk of illness from COVID-19.)

The district court promptly denied Kluball's motion in a brief text order. The entirety of the court's analysis is short enough that we repeat it here:

> Defendant is a young man at 30 years old, and he is about half-way through a ten-year sentence for a sex-trafficking crime with a minor victim. As the government explained in its opposition, […] defendant has not provided the information I would need to evaluate a motion for compassionate release. Defendant does not say whether he has exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c). Even if that requirement were met, he has not shown that extraordinary and compelling reasons warrant his immediate release. He contends that his asthma and obesity make him vulnerable to serious illness if he were infected with COVID-19. His medical records list both asthma and obesity among his health problems, but those records contain no evidence that serious health impairments result from these two conditions. According to the BOP, his institution has 95 active cases among inmates, and I recognize that COVID-19 poses a significant risk in any

> prison. But I am not persuaded that he is a candidate for compassionate release based on his medical vulnerability, particularly at this point in his sentence.

On appeal, Kluball principally maintains that the district court gave short shrift to his argument that, according to the Centers for Disease Control and Prevention, his health conditions put him at risk of serious illness from COVID-19.

The government, for its part, asks us to uphold the denial on exhaustion grounds. In the government's view, the court had no choice but to deny the motion as unexhausted, given Kluball's failure to present any evidence otherwise. Kluball now replies, for the first time, that he wrote a letter to the warden requesting compassionate release, handed the letter to a correctional officer for delivery, and waited weeks with no response before filing his motion with the district court.

Kluball presented no evidence of any of this in the district court, an omission that normally would support our decision to affirm for failure to exhaust. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). But the exhaustion requirement under § 3582(c)(1) is an affirmative defense, *Sanford*, 986 F.3d at 782, and we do not see how Kluball had an opportunity to supplement the record once the government raised the defense. The court denied his motion just one day after the government filed its response, without affording him any opportunity to reply.

Even so, a remand for fact-finding on exhaustion is not necessary in light of the court's determination that Kluball had not demonstrated extraordinary and compelling reasons for release. Under 18 U.S.C. § 3582(c)(1)(A), a district court "may" reduce a defendant's prison term if the reduction is supported by "extraordinary and compelling reasons" and the sentencing factors under 18 U.S.C. § 3553(a). Here, the court reasonably determined that Kluball had not made that showing. The court acknowledged Kluball's obesity and asthma but explained, albeit tersely, that his medical evidence referred only to his having those conditions; the records did not elaborate on the extent of those conditions or the degree to which they made him susceptible to severe illness from COVID-19. Given this limited evidence, the court permissibly concluded that Kluball's conditions were not an extraordinary and compelling reason for release, particularly when weighed against his relative youth, the seriousness of his sex-trafficking crime, and the remaining time left to serve on his 10-year sentence. That conclusion was not an abuse of the court's "considerable discretion." *United States v. Saunders*, 986 F.3d 1076, 1077 (7th Cir. 2021).

Kluball also argues that remand is warranted because, in his view, the district court bypassed any analysis of the § 3553(a) factors, a discussion that he believes would support his release. We do not read the court's explanation so narrowly. Although the court did not cite the statute, it implicitly acknowledged such factors as the offender's characteristics, *see* 18 U.S.C. § 3553(a)(1) (alluding to Kluball's obesity and asthma, as well as his relative youth); the seriousness of the offense, § 3553(a)(2)(A) (sex-trafficking of a minor); and the need for deterrence, § 3553(a)(2)(B) (five years remaining on his ten-year sentence).

AFFIRMED