NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 10, 2021[*]
Decided June 23, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-2866

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 13-10100 |
| TIMOTHY BABBITT, *Defendant-Appellant*. | Michael M. Mihm, *Judge*. |

**O R D E R**

Timothy Babbitt, a federal inmate suffering from obesity, Hepatitis C, and a history of skin infections, appeals the denial of his motion for compassionate release based on his medical conditions and the COVID-19 pandemic. The district court determined that Babbitt had not exhausted his administrative remedies and, in any

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

event, neither his health conditions nor the factors under 18 U.S.C. § 3553(a) justified early release. We affirm.

Babbitt pleaded guilty in 2014 to conspiring to manufacture more than 50 grams of methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846. He received a sentence of 262 months' imprisonment, a term that the district court later reduced to 183 months. *See* FED. R. CRIM. P. 35(b). He was serving this sentence when, in March 2020, he sought a sentence reduction from the Bureau of Prisons based on his concern for his parents' health during the pandemic, a near-fatal stabbing he endured in the prison, the non-violent nature of his offense, his completion of prison-release preparation programs, and his good conduct over the last five years. The warden denied his request.

More than two months later, he moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i)—a motion later amended by appointed counsel—to argue that the pandemic exacerbated Babbitt's health risks, given his obesity, Hepatitis C, history of skin infections, and stab wounds. Babbitt also asserted that he had "attempted" to comply with the administrative review process by asking the Bureau to reduce his sentence. The government opposed the motion, contending that Babbitt had failed to exhaust his administrative remedies and, regardless, early release was unjustified under § 3582(c)(1)(A)(i) and § 3553(a).

The district court denied Babbitt's motion. First, it concluded that Babbitt had not satisfied the exhaustion requirement because he failed to mention his health conditions in his request to the Bureau of Prisons. But even if it ignored that requirement, the court said, Babbitt had not shown compelling circumstances for his release because the COVID-19 outbreak at his prison was limited, he was managing his weight with an improved exercise regimen, and his criminal history—which included kidnapping a boy and holding him hostage, as well as other violent threats—was very serious. *See* 18 U.S.C. § 3553(a)(1), (2).

On appeal, Babbitt contends that he had met the exhaustion requirement because 30 days had elapsed since his request to the Bureau and, in any event, the district court should have waived the exhaustion requirement, given the pandemic's severity. The government, for its part, continues to raise the exhaustion requirement as an affirmative defense.

The district court was right to deny Babbitt's request for early release. But the proper ground for denial was Babbitt's failure to exhaust administrative remedies: Statutory requirements may not be ignored. Since the court's ruling, we have clarified that the exhaustion requirement is a mandatory claim-processing rule. *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). Therefore, if the government (as here) raises

this defense at every opportunity, courts must enforce that requirement. *Id*. Although Babbitt insists that he exhausted his administrative remedies, as 30 days had elapsed since he sent his request to the Bureau, the court correctly found otherwise because his request to the Bureau did not mention his current medical conditions. *See United States v. Williams*, 987 F.3d 700, 703–04 (7th Cir. 2021).

Even if Babbitt had met the exhaustion requirement, we would uphold the district court's conclusion on the merits. A district court may not reduce a sentence under § 3582(c)(1)(A)(i) unless it finds that the reduction is supported by extraordinary and compelling reasons as well as the § 3553(a) factors. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). Babbitt alludes to his rehabilitation, continuing education, and good conduct in custody, but these examples do not persuade us that the court's denial of his motion was an abuse of discretion.

AFFIRMED