NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2021[*]
Decided June 29, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1156

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 06-cr-40063 |
| SETH A. COX, *Defendant-Appellant*. | Michael M. Mihm, *Judge*. |

**O R D E R**

Less than 30 days after asking his prison's warden to bring a motion for compassionate release on his behalf, Seth Cox, a 39-year-old inmate at the Federal Correctional Institute in Greenville, Illinois, moved for the same relief in federal court. He asserted that his health conditions, including hypertension, put him at risk of serious complications from COVID-19. The district court denied the petition because Cox did not show that his health conditions were serious enough, and the court concluded that he would be a danger to the community if released. The government

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

had also argued that Cox did not exhaust the available administrative remedies, however, and we affirm the judgment on that ground.

Cox is serving a 262-month sentence (reduced from 300 months under 18 U.S.C. § 3582(c)(2)) for conspiring to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a), 846. *See United States v. Cox*, 536 F.3d 723, 725 (7th Cir. 2008). For about a year, Cox aided in a large-scale drug manufacturing conspiracy by purchasing ingredients for a co-conspirator to cook into methamphetamine. *Id.*

In November 2020, Cox moved for compassionate release based on "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). He asserted that his long list of health problems, including hypertension, made him especially vulnerable to severe complications from COVID-19. He also emphasized that he had already served a significant portion of his sentence. And during that time, he explained, he had acquired essential skills while working in the prison's maintenance shop and had taken dozens of classes that would assist him in living a law-abiding life.

The government opposed Cox's motion, first, because he had requested compassionate release from his warden, but he did not wait 30 days before turning to the court. In addition, the government argued that Cox lacked "extraordinary and compelling reasons" for release: He was relatively young, and none of his medical conditions definitively increased his risk of serious complications from COVID-19; they were identified by public health authorities as ones that "might" do so. The government also emphasized Cox's serious crime and prior convictions, noting that each time Cox had been on any form of supervision, he had violated the conditions. Indeed, Cox was under supervision in two prior cases when he committed this offense, and he kept participating even after his co-conspirator was arrested and released on bond.

The district court denied relief. It bypassed whether Cox had exhausted the administrative remedies, instead agreeing with the government that Cox's risk from COVID-19 was not an extraordinary and compelling reason for his release and that he would be a danger to the community.

On appeal, Cox complains that he is ill-equipped to argue his case on his own. But Cox has no statutory or constitutional right to counsel when seeking a sentence reduction, *see United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021), and he never filed a motion asking us to recruit counsel for him as a discretionary matter (nor do we see any reason for which we would grant such a motion). Otherwise, Cox does not raise specific

arguments against the district court's decision; rather, he vaguely asserts that prisoners with "better health and much worse crimes" have been released.

For its part, the government asks us to uphold the denial because of Cox's failure to exhaust. Before seeking compassionate release in court, a defendant must "present his request for compassionate release to the warden and exhaust administrative appeals (if the request is denied) or wait '30 days from the receipt of such a request by the warden.'" *United States v. Sanford*, 986 F.3d 779, 781–82 (7th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Cox, however, filed his motion for compassionate release only 18 days after presenting his request to the warden. The warden ultimately did not act on Cox's request within 30 days, but even so, Cox moved for relief before knowing whether he would have a decision to appeal administratively. The government raised Cox's failure to exhaust, but the district court declined to decide the issue. After its ruling, however, we clarified that the exhaustion requirement is a mandatory claim-processing rule. *Id.* at 782. Therefore, the court was required to address the issue, and based on the undisputed record, we must affirm the judgment on that ground. *Id.*

AFFIRMED