**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted July 16, 2021*
Decided July 19, 2021

Before

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-3333

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

*v.*

JASPER VARGAS,
    *Defendant-Appellant.*

Appeal from the United States
District Court for the Central
District of Illinois.

No. 2:05-cr-20007-JES-DGB
James E. Shadid, *Judge.*

**Order**

Jasper Vargas asked the district court for compassionate release, see 18 U.S.C. §3582(c)(1), and appeals from the adverse decision. He contends that the judge should not have ruled on his request and that the process should start over.

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Vargas filed his request in court without first seeking relief from the Bureau of Prisons. Contending that a counselor had told him that he could bypass the administrative process, he asked the judge to "waive" the statutory need to start with the agency. We have held that lack of exhaustion under §3582(c)(1) is an affirmative defense, which the United States may waive or forfeit, see *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020), but the Department of Justice elected to claim the benefit of that rule. It is a mandatory claims-processing doctrine, which must be enforced if invoked. *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). But the district judge ignored the issue and denied the application on the merits.

Vargas now wants us to treat his failure to exhaust administrative remedies as a jurisdictional defect, so that the judge was compelled to dismiss without prejudice. But *Gunn* and *Sanford* hold that failure to exhaust is not jurisdictional. It is instead an affirmative defense.

Because the United States invoked this defense, the district court lacked authority to grant Vargas's motion. The power to waive a defense belongs to the beneficiary, not to a judge. But a court may deny a request on the merits without transgressing the statutory exhaustion requirement. Although a court must resolve jurisdictional issues before addressing the merits, it may choose from among available non-jurisdictional grounds that suffice to resolve the litigation. We observed in *United States v. Williams*, 987 F.3d 700, 702 (7th Cir. 2021), that this principle applies to the multiple potential grounds for denying a motion for compassionate release.

Vargas, who is serving a life sentence for drug distribution following multiple earlier drug convictions, asked for compassionate release because of his "deteriorating physical condition" (including age over 50, heel spurs, and hypertension) and the risk of COVID-19 in prison. The district judge replied that none of Vargas's documented medical condition makes COVID-19 more likely (or more serious if contracted). The district court did not abuse its discretion in concluding that Vargas has not shown an "extraordinary and compelling" reason for early release, as §3582(c)(1)(A)(i) requires.

AFFIRMED