NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2674
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-15-cr-00168-001
Chief District Judge: Honorable Mark R. Hornak

_____

Submitted Under Third Circuit L.A.R. 34.1 (a)
March 3, 2022

Before: McKEE, AMBRO, and SMITH, *Circuit Judges*

(Filed: March 21, 2022)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Circuit Judge*.

Frederick Banks appeals from the District Court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, we will affirm.

I

A jury found Banks guilty of both wire fraud and aggravated identity theft. *See* 18 U.S.C. §§ 1343, 1028A. The District Court sentenced Banks to 104 months' imprisonment, followed by three years of supervised release. It is projected that he will be released in February 2023.

In July 2021, Banks filed his fourth motion seeking compassionate release. Seven days later, and before the Government had an opportunity to respond, the District Court denied the motion. This pro se appeal followed.[1]

_____

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

The District Court's order was entered on July 30, 2021. According to the Certificate of Filing set out at the bottom of Banks' Notice of Appeal, Banks "served and filed a true and correct copy on 8/5/21 . . . by handing a copy to the corrections officer addressed to the Clerk." GAppx1. As a result, under the prison-mailbox rule, Banks' pro se appeal was timely filed on August 5, 2021. *See Houston v. Lack*, 487 U.S. 266, 275 (1988) (establishing "bright-line rule" that the date on which a pro se prisoner files his Notice of Appeal is the date he delivers the Notice to the prison authorities to mail on his behalf).

Yet the appeal was not docketed until September 7, 2021. The Government highlights this latter date and asserts that the Notice of Appeal is untimely because Banks did not comply with Federal Rule of Appellate Procedure 4(c). It faults Banks for failing to specify if a "legal mail" system was used, and whether first-class postage was prepaid. *See* Fed. R. App. P. 4(c)(1) and (c)(1)(A)(ii). While the

2

II.

A District Court "may reduce [a federal inmate's] term of imprisonment . . .

if it finds that . . . extraordinary and compelling reasons warrant such a reduction."

18 U.S.C. § 3582(c)(1)(A)(i). If an inmate demonstrates that extraordinary and

compelling reasons exist, then the District Court must consider the sentencing

factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.*

§ 3582(c)(1)(A); *United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020).

Before an inmate may move for compassionate release, however, he "must at least

ask the Bureau of Prisons (BOP) to do so on [his] behalf and give BOP thirty days

to respond." *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020).[2]

As the Government points out, Banks did not comply with this exhaustion

requirement. Although he alleged, without providing any supporting documentation,

that he "exhausted all available remedies before filing" his fourth compassionate

---

Certificate of Filing could have been more precise, we conclude that the Notice of Appeal sufficiently complies with Rule 4(c). The Certificate was made under "penalty of perjury," specifies the date it was handed to the correctional officer, which implicitly suggests there is a system for legal mail, and the hand-written addressed envelope that contained the Notice of Appeal had a "Forever" postage stamp affixed.

[2] We review a District Court's denial of a compassionate release motion for abuse of discretion. *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021) (citing *Pawlowski*, 967 F.3d at 330). We will uphold a District Court's decision unless "we are left with a 'definite and firm conviction that [it] committed a clear error of judgment.'" *Id.* at 262 (quoting *Pawlowski*, 967 F.3d at 330).

release motion,[3] GAppx81, it is clear that he did not wait the requisite 30-day period. Banks explained in his motion, which was dated July 17, 2021, that he had been transferred to Fort Dix FCI "a week ago." GAppx78. Accordingly, at most, only 17 of the 30 days had elapsed when Banks handed his motion to the correctional officer. Section 3582(c)(1)(A)'s exhaustion requirement is generally considered a "mandatory claim-processing rule." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (agreeing with several of its sister circuits regarding the nature of the requirement and citing, *inter alia*, *Raia*, 954 F.3d at 597). As a result, the Government's invocation of the rule on its first opportunity to do so here on appeal requires that we enforce it. *See Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017) (instructing that "mandatory claim-processing rules must be enforced" if properly invoked).

Even if we were to reach the merits, we would conclude that the District Court did not abuse its discretion in denying Banks' motion for compassionate release. Having considered three previous motions, the District Court was fully aware of his circumstances and medical conditions. When Banks alleged that relief should be

---

[3] In a supplemental appendix, Banks provided a copy of a request to Warden David Ortiz at Fort Dix FCI, presumably to show he satisfied the requirement of asking the BOP to move for compassionate release on his behalf. That request, however, is dated September 2, 2021. Inasmuch as that request was made two months after Banks' fourth motion was filed in the District Court, it cannot satisfy the exhaustion requirement.

granted because he was vomiting blood and not receiving proper medical care, the District Court directed that the Government provide his medical records. The Court concluded that the records did not substantiate his claim of vomiting blood. Our own review confirms as much. The Court permissibly concluded that he had failed, again, to demonstrate extraordinary and compelling circumstances warranting release.[4]

In sum, Banks' pro se appeal fails on both procedural and substantive grounds. We will affirm the District Court's order denying compassionate release.

---

[4] In the absence of extraordinary and compelling circumstances, the District Court did not need to proceed to the next step of analyzing the § 3553(a) factors. *See Andrews*, 12 F.4th at 262.