NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 11, 2022[*]
Decided April 12, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1968

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 12-CR-40055-JPG-2 |
| CHRISTOPHER D. NORRIS, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

## O R D E R

Christopher Norris, who is serving a 216-month federal sentence for conspiracy to manufacture methamphetamine, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B), appeals the denial

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

of his health-related request for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). We affirm because he did not properly exhaust his administrative remedies.

On November 13, 2020, Norris filed a request through his warden for the Bureau of Prisons to move for his compassionate release. On November 30—before the warden responded—Norris filed his own motion in district court. He asserted that his medical conditions, including obesity, prediabetes, high blood pressure, high cholesterol, and a narrow esophagus, presented an extraordinary and compelling reason for early release because they put him at increased risk of severe illness from COVID-19.

The district court denied Norris's motion without calling on the government to respond. It noted first that Norris had not exhausted his administrative remedies under § 3582(c)(1)(A) because he moved for relief without waiting for his warden to respond or for 30 days to elapse after his request. The court further concluded that it would deny relief in any event, given the serious nature of Norris's drug offense and his extensive history of violence. *See* 18 U.S.C. § 3553(a). Norris moved for reconsideration, challenging certain facts that the court relied upon. But the court denied his motion because he had not objected to those facts as set forth in the presentence investigation report when he was sentenced, he did not identify any other factual or legal error in the court's decision, and the alleged inaccuracies did not affect the § 3553(a) analysis.

On appeal, Norris contends that his health was an extraordinary and compelling reason for his early release and that the district court misapplied the § 3553(a) factors. The government, which now has its first chance to address Norris's motion, asks us to affirm on the ground that he did not exhaust his administrative remedies.

We agree that Norris did not comply with the statutory exhaustion requirement, which we must enforce if the government properly raises it. *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). A court may grant a defendant's motion for compassionate release only if he files it after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "after … the lapse of 30 days from the receipt of such a request by the warden." 18 U.S.C. § 3582(c)(1)(A). Norris had to wait for the warden to respond to the request or let 30 days pass from when the warden received it. *See Sanford*, 986 F.3d at 782. But he filed his motion before receiving a response and no more than 17 days after the warden's receipt of his request. Although the parties also brief the merits (which the district court was free to address as grounds for denial, *see United States v. Williams*,

987 F.3d 700, 702 (7th Cir. 2021)), Norris's failure to exhaust resolves the appeal. *See Sanford*, 986 F.3d at 782.

In any event, the district court did not abuse its discretion in concluding that the § 3553(a) factors weighed against release. Just one good reason for denying a compassionate release motion is enough. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021). And the court appropriately found release unwarranted based on the serious nature of manufacturing methamphetamine and Norris's history of violence.

AFFIRMED