NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 17, 2022[*]
Decided October 18, 2022

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

Nos. 22-1491 & 22-1538

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeals from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:16CR89-PPS |
| SERGIO GARCIA, SR., *Defendant-Appellant.* | Philip P. Simon, *Judge.* |

## O R D E R

This order addresses two appeals from Sergio Garcia, Sr., a federal prisoner; we have consolidated them for disposition. First, Garcia appeals the denial of his motion for compassionate release, which was based on the COVID-19 pandemic. See 18 U.S.C.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

§ 3582(c)(1)(A)(i). Second, he appeals the denial of his motion for release on bond while his compassionate-release motion and a separate motion under 28 U.S.C. § 2255 (denied on July 18, 2022) were pending. Because the district court did not abuse its discretion in denying Garcia's motion for compassionate release, and his motion for release on bond is baseless, we affirm.

We begin with the motion for compassionate release. Garcia pleaded guilty in 2018 to conspiring to commit mail fraud, see 18 U.S.C. § 1349, and was sentenced to 70 months in prison. Garcia filed six previous, unsuccessful motions for compassionate release, almost all in 2020 and 2021 during earlier phases of the pandemic. His current motion differs from the others in that the prison was in "Code Red" status (because of an outbreak of COVID cases) at the time he filed it. He argued that this status and his health (in a previous motion for release, he wrote that a healthcare worker classified him as at "high risk" for severe illness or death from COVID-19) were extraordinary and compelling reasons for early release. The government opposed the motion. First, it furnished all the administrative requests for compassionate release that the Bureau of Prisons had received from Garcia; none matched the contentions in his current motion. Second, it supplied evidence that the Bureau now classifies Garcia in the lowest healthcare level, which is reserved for inmates who have easily managed conditions. Third, it pointed out that Garcia refused the COVID vaccine twice.

The district court denied Garcia's motion, giving three reasons. First, it found that he had not exhausted administrative remedies. Second, it decided that he lacked an extraordinary and compelling reason for release. Although COVID-19 cases at Garcia's prison were high when he filed his motion, the court observed that they had since fallen to "modest" levels; moreover, it found that Garcia had no current respiratory issues. Third, it ruled that, even if Garcia had presented an extraordinary and compelling reason for release, the sentencing factors in 18 U.S.C. § 3553(a) did not support release. Emphasizing the complexity and breadth of Garcia's fraud scheme, the court concluded that reducing Garcia's sentence would not reflect the seriousness of his crime.

On appeal, Garcia argues that the district court wrongly denied his motion for compassionate release. We review the denial of his motion for abuse of discretion, *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021), and the court's factual findings for clear error, *United States v. Gamble*, 969 F.3d 718, 722 (7th Cir. 2020). Garcia challenges each of the district court's rulings. He contends that he raised his current request with the warden and therefore exhausted administrative remedies; his asserted

health concerns and the COVID-19 outbreak at his prison were extraordinary and compelling reasons for release; and his good conduct in prison and the length of his sentence justify early release.

The district court did not abuse its discretion in denying the motion, and none of its factual findings is clearly erroneous. First, the district court reasonably accepted the government's evidence that Garcia did not exhaust his administrative remedies before filing his latest motion. That evidence consists of the Bureau's record of Garcia's administrative requests for compassionate release, and no request clearly corresponds to his current motion. The exhaustion requirement is a mandatory rule that the court must (as it did here) enforce because the government properly invoked it and adequately proved it. *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

Second, Garcia supplied no evidence showing that the district court clearly erred in finding that COVID-19 rates at his prison are now "modest" or that Garcia, to whom the Bureau had twice offered the vaccine, was now in manageable health. It would have been an abuse of discretion for the district court to grant a motion for release to an inmate like Garcia who (for no apparent reason) refused the COVID vaccine and is housed in a prison with low incidences of COVID cases. See *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021). Garcia responds that vaccines are no longer offered at his prison and the prison no longer tests for COVID. But he does not offer proof of these claims or dispute (or explain why) he refused the vaccine twice.

Third, even if Garcia had presented an extraordinary and compelling reason for release, the court justified its ruling by explaining that the § 3553(a) factors did not favor release because, despite Garcia's conduct in prison, his extensive mail fraud was serious and required that he serve his full sentence. See *Saunders*, 986 F.3d at 1078. Moreover, sentence length does not by itself supply an extraordinary and compelling reason for early release. See *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021).

We now briefly turn to Garcia's appeal of the district court's denial of his motion for release on bond. Garcia sought release pending the district court's resolution of his compassionate-release motion or his collateral attack under 28 U.S.C. § 2255. Because we have rejected Garcia's compassionate-release appeal, his request for release pending that resolution is baseless. And in light of the district court's denial of Garcia's § 2255 motion on July 18, 2022, Garcia's request for release pending the district court's resolution of that motion is likewise baseless. We note that the § 2255 denial is now the

subject of a separate appeal, No. 22-2626. If Garcia has a nonfrivolous basis for renewing his motion in that appeal, Circuit Rule 9 permits an appropriate motion there.

AFFIRMED