FILED
United States Court of Appeals
Tenth Circuit

June 24, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

JAMES LEE WATSON,

  Defendant - Appellant.

No. 20-5046
(D.C. No. 4:04-CR-00182-TCK-2)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE** and **BACHARACH**, Circuit Judges.
_____

Pro se prisoner James Lee Watson filed a motion for compassionate release on

his own behalf.  *See* 18 U.S.C. § 3582(c)(1)(A).  The district denied the motion

because Mr. Watson (1) had not exhausted his administrative remedies and (2) had

not satisfied the requirements of the policy statement set forth in Sentencing

Guideline § 1B1.13 and its application notes.  On appeal, however, the government

has changed its position to assert that Mr. Watson exhausted his administrative

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

remedies, thereby conceding this requirement is satisfied.[1] And while the appeal was pending, this court held § 1B1.13 does not apply to compassionate-release motions filed by a prisoner. Exercising jurisdiction under 28 U.S.C. § 1291, we therefore vacate the district court's opinion and order denying the motion and remand for the district court to consider the motion anew.

Since the First Step Act of 2018, compassionate-release motions may be filed either by the Director of the Bureau of Prisons (BOP) or by prisoners on their own behalf. *See* § 3582(c)(1)(A). While this appeal was pending, we adopted a three-step process for considering such motions. *See United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021); *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021). At step one of the analysis, "a district court must find whether extraordinary and compelling reasons warrant a sentence reduction." *Maumau*, 993 F.3d at 831 (brackets and internal quotation marks omitted); *McGee*, 992 F.3d at 1042 (brackets

---

[1] This court has not issued a binding decision on whether exhaustion under § 3582(c)(1)A) is a jurisdictional requirement, but unpublished decisions indicate that exhaustion is a mandatory claim-processing rule. *See United States v. Avalos*, No. 20-3194, 2021 WL 1921847, at *2 n.2 (10th Cir. May 13, 2021); *United States v. Johnson*, No. 20-6103, 2021 WL 1053706, at *2 (10th Cir. Mar. 19, 2021); *but see United States v. Salcido*, No. 20-2108, 2021 WL 2285220, at *1 (10th Cir. June 4, 2021). Other circuits similarly have held that § 3582(c)(1)(A)'s exhaustion requirement is a "nonjurisdictional claim-processing rule." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir.), *cert. denied*, 141 S. Ct. 920 (2020); *see also United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020); *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). We therefore treat exhaustion as a mandatory claim-processing rule and accept the government's concession. *See Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced, *but they may be waived or forfeited*." (emphasis added)).

and internal quotation marks omitted).  At step two, the district court must find whether a sentence "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Maumau*, 993 F.3d at 831 (emphasis and internal quotation marks omitted); *McGee*, 992 F.3d at 1042 (emphasis and internal quotation marks omitted).  And at step three, the district court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Maumau*, 993 F.3d at 831 (brackets and internal quotation marks omitted); *McGee*, 992 F.3d at 1042 (brackets and internal quotation marks omitted).

With regard to the second step—the requirement to consider applicable Sentencing Commission policy statements—we held that the current version of § 1B1.13 "is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants." *Maumau*, 993 F.3d at 837; *McGee*, 992 F.3d at 1050.  "In other words, if a compassionate release motion is not brought by the BOP Director, Guideline § 1B1.13 would not, by its own terms be considered to apply to it." *Maumau*, 993 F.3d at 837 (brackets and internal quotation marks omitted); *see also id.* at 838 (Tymkovich, C.J., concurring) ("Until the Sentencing Commission updates its guidance, there is no 'applicable policy statement,' 18 U.S.C. § 3582(c)(1)(A)(i), that constrains the district court's discretion to consider whether a defendant-filed motion satisfies the 'extraordinary and compelling' standard.").

3

Not having the benefit of *Maumau* and *McGee*, the district court relied heavily on § 1B1.13 in evaluating Mr. Watson's motion. In *McGee*, where the district court similarly misunderstood its authority with regard to a compassionate-release motion, we remanded for the district court to consider the motion anew. *See McGee*, 992 F.3d at 1051. We follow that course here, expressing no opinion on the merits of Mr. Watson's motion.

We lift the abatement of this case and grant Mr. Watson's motion to proceed without prepayment of costs or fees. We deny his Motion for Supplement Pursuant to Fed. R. App. P. 28(j) and his Motion to Supplement the Record on Appeal Pursuant to Fed. R. App. P. 10(e). We vacate the district court's decision filed on April 16, 2020, and we remand this matter for the district court to consider the compassionate-release motion anew, consistent with *Maumau* and *McGee*.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4