# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 23, 2021

Lyle W. Cayce
Clerk

No. 20-10710
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

THEODORE E. OKECHUKU,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-481-1

Before DAVIS, JONES and ELROD, *Circuit Judges*.

PER CURIAM:*

Theodore E. Okechuku, federal prisoner # 59813-060, is serving a 300-month sentence for conspiring to unlawfully distribute hydrocodone outside the scope of professional practice and without a legitimate medical purpose as part of an alleged pill mill and two counts of using, carrying, and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10710

brandishing a firearm during and in relation to a drug-trafficking crime and conspiring to do the same. He appeals the district court's denials of his motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and for reconsideration. Our review is for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *United States v. Rabhan*, 540 F.3d 344, 346 (5th Cir. 2008).[1]

With the exception of Okechuku's argument that he is at an increased risk of COVID-19 because of his health issues, his remaining claims of extraordinary and compelling reasons for compassionate release rely on new facts and arguments that were not before the district court and therefore will not be considered by this court. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999); *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). We also will not consider the Government's assertion that Okechuku has been vaccinated as that fact was not before the district court. Nor do we consider Okechuku's argument, raised for the first time on appeal, that compassionate release was warranted because other similarly situated defendants have received lesser sentences. *See Leverette*, 183 F.3d at 342; *Theriot*, 185 F.3d at 491 n.26.

After the district court denied Okechuku's motions, we concluded that a district court addressing a prisoner's own § 3582(c)(1)(A) motion is not bound by the U.S.S.G. § 1B1.13 policy statement or its commentary. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Rather, the

---

[1] We do not address whether Okechuku satisfied § 3582(c)(1)(A)'s exhaustion requirement with respect to all of his claims as the requirement is a non-jurisdictional claims processing rule, and this case can be resolved on the merits. *See United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir.), *cert. denied*, 141 S. Ct. 920 (2020). We nevertheless note that because Okechuku fails to address the district court's finding that his claim of exposure to COVID-19 was unexhausted, any challenge to that finding has been abandoned. *See United States v. Cothran*, 302 F.3d 279, 286 n.7 (5th Cir. 2002).

No. 20-10710

district court is "bound only by § 3582(c)(1)(A)(i) and . . . the sentencing factors in [18 U.S.C.] § 3553(a)." *Id.*

Here, the district court did not abuse its discretion by referencing the § 1B1.13 policy statement or its commentary because it also based its decision that release was not warranted on the § 3553(a) factors, and we can affirm on that basis. *See Chambliss*, 948 F.3d at 693. Moreover, while Okechuku disagrees with the district court's weighing of the § 3553(a) factors, such disagreement does not suffice to show error. *See id.* at 694. Accordingly, the district court's denials of Okechuku's motions for compassionate release and reconsideration are AFFIRMED. His motion for the appointment of counsel is DENIED.