# United States Court of Appeals for the Fifth Circuit

---

No. 24-30739
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 23, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Roy Lee Jones, Jr.,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:20-CR-156-2

---

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:*

Roy Lee Jones, Jr., federal prisoner # 04095-509, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. Jones argues that the district court failed to consider properly the 18 U.S.C. § 3553(a) factors insofar as it (i) placed too much emphasis on the seriousness of his offense and failed to consider his history and characteristics,

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

"including zero criminal history points, exemplary pretrial supervision, and consistent employment"; (ii) failed to consider the fact of his wife's terminal illness and his children's lack of a caregiver in weighing the § 3553(a) factors; and (iii) treated as dispositive the fact that Jones had not yet served 50 percent of his 210-month sentence.

Jones has shown no abuse of discretion in the district court's denial of his motion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). We assume that the district court considered Jones's arguments regarding his lack of criminal history, pretrial supervision, and employment because he raised them in his motion. *See United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020). Furthermore, because Jones's arguments regarding how his wife's illness and his children's lack of a caregiver favor relief under the § 3553(a) factors are raised for the first time on appeal, we do not consider those arguments. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021). At bottom, Jones's § 3553(a) arguments amount to a disagreement with how the district court balanced the § 3553(a) factors, which is not a sufficient ground for reversal. *See Chambliss*, 948 F.3d at 694.

Moreover, we do not agree that the district court's finding that Jones had only served less than 50 percent of his sentence was dispositive of its denial of relief. Rather, the district court merely found that the time that Jones had then served in prison "would not reflect the seriousness of the offense, would not promote regard for the law, and would not afford adequate deterrence to criminal conduct." *See* 18 U.S.C. § 3553(a)(2)(A), (B). Jones has shown no abuse of discretion in this regard. *See Chambliss*, 948 F.3d at 693-94.

Additionally, Jones's alternative request that we remand this matter for the district court's reconsideration of his motion based on changed circumstances is unavailing. Jones is not statutorily barred from filing a

successive motion for compassionate release, and if his circumstances did in fact materially change after the district court denied his motion, he would be required, in any event, to exhaust his request for compassionate release based on those changed circumstances with the Bureau of Prisons prior to any reconsideration by the district court. *See United States v. Franco*, 973 F.3d 465, 468-69 (5th Cir. 2020).

Finally, because the district court did not abuse its discretion by denying relief based on the balancing of the § 3553(a) factors, we need not consider Jones's arguments regarding extraordinary and compelling circumstances. *See United States v. Jackson*, 27 F.4th 1088, 1093 & n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021).

AFFIRMED.